IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL D. BROWN,                    )
                                     )
              Plaintiff,             )
                                     )
       v.                            )   CIVIL ACT. NO. 1:15cv262-CSC
                                     )              (WO)
CAROLYN W. COLVIN,                   )
Acting Commissioner of Social Security,[1]  )
                                     )
              Defendant.             )

## MEMORANDUM OPINION

### I.  Introduction

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under

Title XVI of the Social Security Act,  42 U.S.C. §§ 1381 et seq., alleging that he was unable to

work because of a disability.  His application was denied at the initial administrative level.  The

plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ also denied the claim.   The Appeals Council rejected a

subsequent request for review.  The ALJ's decision consequently became the final decision of

the Commissioner of Social Security (Commissioner).[2]  See  Chester v. Bowen, 792 F.2d 129,

131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

(g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final

judgment by the United States Magistrate Judge.  Based on the court's review of the record in

this case and the briefs of the parties, the court concludes that the decision of the Commissioner

should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically determinable
> physical or mental impairment which can be expected to result in death or which
> has lasted or can be expected to last for a continuous period of not less than 12
> months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation

process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments
> set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative answer
> to any question, other than step three, leads to a determination of "not disabled."

---

[3]   A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th  Cir. 2004).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).  The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction.**  The plaintiff was 56 years old at the time of the administrative hearing

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

before the ALJ and has an eighth grade education.  (R. 43).   The plaintiff's prior work experience includes work as a dump truck driver and a tractor-trailer driver. (R. 28).  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "osteoarthritis of the shoulder, degenerative changes of the cervical spine, and early degenerative changes of the hands and knees (20 CFR 404.1520(c) and 416.920(c))."  (R. 22). The ALJ concluded that Brown could perform his past relevant work, and thus, he was not disabled. (R. 28-29).

   **B.  The Plaintiff's Claim.**  The sole issue presented by the plaintiff, as stated by him, is whether "[t]he Commissioner's decision should be reversed because the ALJ failed to incorporate all of Mr. Brown's impairments into the RFC, particularly as it concerns Mr. Brown's degenerative changes of the hands and cervical spine."  (Doc. # 12, Pl's Br. at - & 3).

## IV.  Discussion

   A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends; and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for

4

her decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).  Within this analytical framework, the court will address the plaintiff's claim.

Brown argues that the Commissioner's decision should be reversed because although the ALJ found that he suffered from severe impairments involving his shoulder, cervical spine, hands and knees, "her RFC assessment failed to include all of the limitations caused" by these impairments.  (Doc. # 12, Pl. Br. at 4).  Brown contends that the ALJ failed to include "any restrictions regarding [his] . . . degenerative changes of the cervical spine with limited neck flexion, neck extension, and neck rotation" in her residual functional capacity determination. (*Id*.)  Brown also complains that the ALJ failed to consider any manipulative restrictions from his severe impairment of "early degenerative changes of the hands."  (*Id*. at 9).

Residual functional capacity is an assessment, based on *all* relevant evidence, of a claimant's remaining ability to do work despite his or her impairments. 20 C.F.R. § 404.945(a)(1).  The ALJ found that Brown had the residual functional capacity

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant can lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk 6 hours and sit up to 6 hour (sic) of and (sic) 8-hour day. He can frequently push/pull leg controls.  He can occasionally push/pull arm controls. He can occasionally climb ramps, stairs, ropes, ladders or scaffolds, balance, stoop, crouch, kneel and crawl. He can occasionally perform overhead reaching and frequently reach side to side or out front of the body.

5

(R. 25).

The ALJ incorporated in her residual functional capacity the need for limited push/pull of arm controls as well as limited reaching.  (R. 25).  The Court has throughly reviewed the medical evidence in this case.  There is no specific mention of pain in Brown's hands or a complaint of numbness or inability to use his hands.  While Brown has complained of pain in his neck, shoulders, legs and arms, the court was unable to find one complaint directly related to his hands.  In addition, although Brown reported to the consultative examiner that he had been diagnosed with carpel tunnel syndrome, there are no nerve conduction studies in the record and no treatment notes referencing carpal tunnel syndrome.  The plaintiff's assertion that the consultative examiner "diagnosed" Brown with carpel tunnel syndrome is taken out of context and belied by the entire report.  Dr. Ellis noted in the assessment section "CARPEL TUNNEL SYNDROME; bilaterally, *by history*."  (R. 398) (emphasis added).  Dr. Ellis also noted that Brown "state (sic) was diagnosed with this five years ago by orthopedics." (R. 396).  Brown has received no treatment for carpal tunnel syndrome.  (*Id*.).  In addition, Dr. Ellis' examination revealed 5/5 grip strength in both hands; Brown was "able to manipulate and transfer objects from one hand to another;" and his range of motion for all his fingers was normal.  (R. 398, 400).  There is simply no evidence that the early degenerative changes in Brown's hands impair his ability to work such that the limitations recognized in the ALJ's residual functional capacity determination are insufficient.

Brown also asserts that the ALJ failed to consider his "range of motion of the cervical spine" in her RFC.  (Doc. # 12, Pl's Br. at 10).  An ALJ is required to independently assess a

6

claimant's residual functional capacity "based upon all of the relevant evidence." 20 CFR §

404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant

medical and other evidence."); 20 C.F.R. § 404.1546(c) ("Responsibility for assessing residual

functional capacity at the administrative law judge hearing . . . level.  If your case is at the

administrative law judge hearing level . . ., the administrative law judge . . . is responsible for

assessing your residual functional capacity.") *See also Lewis v. Callahan*, 125 F.3d 1436, 1440

(11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the

relevant evidence, of a claimant's remaining ability to do work despite [her] impairments.").

"Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in

a work setting despite any mental, physical or environmental limitations caused by the

claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)."  *Peeler v. Astrue,* 400

F. App'x 492, 494 n.2 (11th Cir. 2010).

It is clear from the ALJ's opinion, and from the record as a whole, that the ALJ reviewed

and considered all the medical evidence in the record in determining Brown's RFC.  The ALJ

specifically considered Brown's limited range of motion in her RFC.

> However, the undersigned reduced the residual functional capacity a little in
> consideration of left shoulder x-ray (Exhibit 12F, page 8) and right shoulder x-ray
> (Exhibit 10F), and limited range of motion (Exhibit 5F).  The undersigned
> concludes these findings justify restricting the claimant to occasional overhead
> reaching and occasional pushing/pulling of arm controls. **These limitations also
> account for his cervical spine disease, which could cause some shoulder pain**.

> In sum, the above residual functional capacity assessment is supported by the
> claimant's type of impairments, severe and nonsevere.  It adequately addresses
> the subjective complaints in light of the radiographic and objective physical
> findings.  It is consistent with claimant's activities of daily living.  Despite

claimant's allegations, last examination on June 18, 2013, showed **no spinal or joint tenderness, full range of motion, no neurological deficits, and no impairment of gait, strength, reflexes, sensation or dexterity** (Exhibit 13).

(R. 28) (emphasis added).

The court has independently considered the record as a whole and finds that the record provides substantial support for the ALJ's conclusions. Consequently, the court concludes that the ALJ's residual functional capacity assessment is supported by substantial evidence.

In his brief, the plaintiff also asserts that "it was error for the ALJ to rely on the vocational expert's testimony at the hearing" because "the ALJ failed to include any limitations as to [his] limited range of motion of his neck" in any of her questions. (Doc. # 12, Pl's Br. at 12). The Social Security Administration has developed a sequential evaluation process for determining if a plaintiff is disabled. 20 C.F.R. §§ 404.1520 and 416.920. The burden of proof is on the plaintiff to prove that he cannot return to his past relevant work. *Jackson v. Bowen*, 801 F.2d 1291, 1294 (11th Cir. 1986). Only after a plaintiff has shown that he cannot perform his past relevant work, does the burden then fall upon the Commissioner to show that there are other jobs in the national economy that the plaintiff can perform. However, if the plaintiff can perform the kind or type of work he has performed in the past, he is not disabled.

The ALJ found that the plaintiff could perform his past relevant work as a dump truck driver and a tractor-trailer driver at step 4 of the sequential analysis, and the plaintiff does not challenge this finding. Vocational expert testimony is required at step 5 of the sequential analysis when the ALJ must determine whether the plaintiff can perform other work in the national economy. Because the ALJ truncated the sequential evaluation process at step 4 by

8

concluding that the plaintiff could return to his past relevant work, any error on the part of the ALJ is of no consequence. *See also Lucas*, 918 F.2d at 1573 n.2 (Vocational expert testimony is not required at step 4 to evaluate a plaintiff's ability to perform past relevant work).

## V.  Conclusion

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

The court will enter a separate final judgment.

Done this 23rd day of June, 2016.

　　　　　　　/s/Charles S. Coody
　　　　　　CHARLES S. COODY
　　　　　　UNITED STATES MAGISTRATE JUDGE